ORAL ARGUMENT NOT YET SCHEDULED

No. 25-5302

# In the United States Court of Appeals for the District of Columbia Circuit

_____

MEDIA MATTERS FOR AMERICA,

*Plaintiff-Appellee,*

*v.*

FEDERAL TRADE COMMISSION, *et al.*,

*Defendant-Appellants.*

_____

On Appeal from the United States District Court
for the District of Columbia
No. 25-cv-01959 (Hon. Sparkle L. Sooknanan, District Judge)

_____

**NOTICE OF NEWS AND MEDIA ORGANIZATIONS TO PARTICIPATE AS *AMICI CURIAE* IN SUPPORT OF PLAINTIFF-APPELLEE**

_____

| | |
|---|---|
| BRUCE D. BROWN | JOHN LANGFORD |
| LISA ZYCHERMAN | *Counsel of Record* |
| GABRIEL ROTTMAN | DAVID A. SCHULZ |
| MARA GASSMANN | MEDIA FREEDOM & |
| REPORTERS COMMITTEE FOR | INFORMATION ACCESS CLINIC |
| FREEDOM OF THE PRESS | YALE LAW SCHOOL |

1156 15th Street NW, Ste. 1020
Washington, DC 20005
(202) 795-9300
bruce.brown@rcfp.org

127 Wall Street
New Haven, CT 06511
(919) 619-9819
john.langford@ylsclinics.org

*Counsel for News and Media Organizations as Amici Curiae*

# CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES AND CORPORATE DISCLOSURE STATEMENT

Except for the following, all parties, intervenors, and *amici* appearing in this court are listed in the Briefs for Appellant and Appellee:

1. The Associated Press

2. The Atlantic Monthly Group LLC

3. The Center for Investigative Reporting

4. The Guardian U.S.

5. The McClatchy Company, LLC

6. National Newspaper Association

7. National Press Photographers Association

8. The New York Times Company

9. Newsday LLC

10. Online News Association

11. Pro Publica, Inc.

12. Radio Television Digital News Association

13. Reporters Committee for Freedom of the Press

14. The Seattle Times Company

15. Society of Professional Journalists

Pursuant to D.C. Circuit Rule 27(a)(4), *amici curiae* certify as follows:

The Associated Press is a global news agency organized as a mutual news cooperative under the New York Not-For-Profit Corporation law. It is not publicly traded.

The Atlantic Monthly Group LLC is a privately-held media company, owned by Emerson Collective and Atlantic Media, Inc. No publicly held corporation owns 10% or more of its stock.

The Center for Investigative Reporting, Inc. is a California non-profit public benefit corporation that is tax-exempt under section 501(c)(3) of the Internal Revenue Code. It has no statutory members and no stock.

Guardian US's legal entity is Guardian News & Media LLC, a company incorporated in Delaware, whose registered office is in New York. Guardian News & Media LLC's parent corporation is Guardian News & Media Limited, a private company. No publicly held corporation owns 10% or more of Guardian US's stock.

The McClatchy Company, LLC is privately owned by certain funds affiliated with Chatham Asset Management, LLC and does not have publicly traded stocks.

National Newspaper Association is a non-stock nonprofit Florida corporation. It has no parent corporation and no subsidiaries.

National Press Photographers Association is a 501(c)(6) nonprofit organization with no parent company. It issues no stock.

The New York Times Company is a publicly traded company and has no affiliates or subsidiaries that are publicly owned. No publicly held company owns 10% or more of its stock.

Newsday LLC is a Delaware limited liability company whose members are Tillandsia Media Holdings LLC and Newsday Holdings LLC. Newsday Holdings LLC is an indirect subsidiary of Cablevision Systems Corporation. Cablevision Systems Corporation is (a) directly owned by Altice USA, Inc., a Delaware corporation which is publicly traded on the New York Stock Exchange and (b) indirectly owned by Altice N.V., a Netherlands public company.

Online News Association is a not-for-profit organization. It has no parent corporation, and no publicly traded corporation owns 10% or more of its stock.

Pro Publica, Inc. ("ProPublica") is a Delaware nonprofit corporation that is tax-exempt under section 501(c)(3) of the Internal Revenue Code. It has no statutory members and no stock.

Radio Television Digital News Association is a nonprofit organization that has no parent company and issues no stock.

The Reporters Committee for Freedom of the Press is an unincorporated association of reporters and editors with no parent corporation and no stock.

The Seattle Times Company: The McClatchy Company, LLC owns 49.5% of the voting common stock and 70.6% of the nonvoting common stock of The Seattle Times Company.

Society of Professional Journalists is a non-stock corporation with no parent company.

## NOTICE OF INTENT TO PARTICIPATE AS *AMICI CURIAE*

Pursuant to Rule 29(a)(2) of the Federal Rules of Appellate Procedure and Local Rule 29(b) of the D.C. Circuit, *amici curiae* news and media organizations hereby notify this Court of their intent to participate as *amici curiae* in this case and file a brief in support of Plaintiff-Appellee.

Counsel for all parties have consented to the filing of this *amici curiae* brief.

*Amici* are fifteen news organizations and media organizations that have an outsized interest in preventing government actors from issuing investigative demands that punish and chill constitutionally protected press activity.

Every day, news organizations investigate and report on government officials and private parties to inform their readers about matters of public concern. Much of their daily news coverage unearths and publicizes information that powerful individuals and entities would prefer remained out of sight. They thus rely on the protections of the First Amendment, secure in the knowledge that they will not be subjected to wide-ranging government investigations for doing their jobs.

In this case, the Federal Trade Commission ("FTC") claims novel authority to issue sweeping investigative demands to a media organization. Though its exact legal theory is hard to pin down, the agency seems to contend that Media Matters, simply by writing about advertisements appearing on social media and advertisers' business decisions, has either itself participated in an advertising boycott or otherwise opened itself to regulatory scrutiny. Either way, its actions here target quintessential press activity protected by the First Amendment. And their sweep and intrusiveness are without recent precedent: *Amici* are aware of no prior instance in which a federal agency has invoked such a theory to demand records about a media organization's editorial decision-making, sources, and finances. Left unchecked, the FTC's theory poses serious risks to news organizations' ability to gather and disseminate the news.

*Amici* file this notice and respectfully submit the accompanying brief to highlight how retaliatory and overbroad investigations—regardless of political valence—erode the press freedom that the First Amendment guarantees.

Dated: February 23, 2026

Respectfully submitted,

/s/ *John Langford*

BRUCE D. BROWN
LISA ZYCHERMAN
GABRIEL ROTTMAN
MARA GASSMANN
REPORTERS COMMITTEE FOR
 FREEDOM OF THE PRESS
1156 15th Street NW, Ste. 1020
Correspondents' Association
Washington, DC 20005
Telephone: 202.795.9300
bruce.brown@rcfp.org

JOHN LANGFORD[1]
 *Counsel of Record*
DAVID A. SCHULZ
MEDIA FREEDOM &
 INFORMATION ACCESS CLINIC
YALE LAW SCHOOL[2]
127 Wall Street
New Haven, CT 06511
(919) 619-9819
john.langford@ylsclinics.org

*Counsel for News and Media Organizations as Amici Curiae*[3]

---

[1] Yale Law School students Hannah Berkman ('26), Melanie Geller ('28), Raymond Perez ('26), and Tess Solomon ('27) contributed significantly to the drafting, editing, and preparation of the accompanying brief.

[2] The views expressed herein do not purport to represent the institutional views of Yale Law School, if any.

[3] No party's counsel authored this brief in whole or in part; neither any party nor any party's counsel contributed money that was intended to fund preparing or submitting this brief; and no person—other than the amici curiae, their members, or their counsel—contributed money that was intended to fund preparing or submitting this brief.

# CERTIFICATE OF SERVICE

I certify that on February 23, 2026, I electronically filed the foregoing Notice with the United States Court of Appeals for the District of Columbia Circuit, using the appellate CM/ECF system. All parties are registered CM/ECF users, and service upon them will be accomplished by the appellate CM/ECF system.

Date: February 23, 2026

/s/ *John Langford*
John Langford