ORAL ARGUMENT HELD APRIL 13, 2026

No. 25-5302

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

————————————

MEDIA MATTERS FOR AMERICA,
*Plaintiff-Appellee*,
v.
FEDERAL TRADE COMMISSION, *et al.*,
*Defendants-Appellants*.

————————————

On Appeal from the United States District Court
for the District of Columbia

————————————

**APPELLANTS' MOTION TO VOLUNTARILY DISMISS APPEAL**

————————————

Defendants respectfully move to voluntarily dismiss their appeal pursuant to Appellate Rule 42(b)(2) because the Federal Trade Commission has formally withdrawn the civil investigative demand (CID) that was the subject of the preliminary injunction ruling on appeal. It did so because its investigation recently culminated in a landmark settlement with three advertising agencies, and the Commission no longer requires compliance with the CID. Plaintiff Media Matters for America opposes this motion and intends to file a response.

As this Court is aware, the FTC issued a CID to Media Matters for America on May 20, 2025, as part of a broad investigation into potential advertising boycotts. On August 15, 2025, the district court entered a preliminary injunction preventing the FTC from enforcing the CID issued to Media Matters. The Commission brought this interlocutory appeal, seeking review of the preliminary injunction.

During the pendency of the appeal, the FTC has continued its investigation. As a result of its efforts, the Commission reached a historic settlement that arises from a complaint filed on April 15 by the FTC and eight states against three of the largest advertising agency holding companies, identifying conduct that violated the antitrust laws. *Federal Trade Commission, et al., v. Dentsu US, Inc., et al.*, No. 26-cv-469 (N.D. Tex. 2026), Dkt.1. The district court in that case entered stipulated final judgments that include prohibitions against specific anticompetitive conduct related to advertising boycotts. *Id.*, Dkt.8-10.

The following day, on April 16, 2026, FTC staff, acting under 16 C.F.R. § 2.7(*l*), formally withdrew the CID issued to Media Matters that is the subject of the district court's ruling and of this appeal. As the letter withdrawing the CID (attached) indicates, the Commission's settlement in *Dentsu* resolved the issues that gave rise to the CID to Media Matters, and the Commission therefore no longer requires compliance with the CID. Accordingly, FTC staff withdrew the CID issued to Media Matters (along with several other CIDs issued in the investigation, which

were withdrawn for the same reason). *See, e.g.*, *NewsGuard Techs., Inc. v. FTC*, No. 1:26-cv-0353, Dkt.33 (D.D.C. Apr. 17, 2026) (noting withdrawal of CID issued to NewsGuard).

Due to these important developments, defendants move to voluntarily dismiss this appeal. *See* Fed. R. App. P. 42(b)(2). Because the underlying order on appeal no longer has any legal or practical effect on the parties, this Court should dismiss the pending appeal as moot. And the withdrawal of the CID also means that the injunction no longer impedes the FTC's ability to pursue its investigation; as explained in the April 16 letter, the Commission's settlement in the *Dentsu* case means compliance with the CID is no longer needed. For these reasons, defendants no longer ask this Court to reverse it. Instead, defendants seek to dismiss their appeal so that the parties can return to the district court to address any remaining issues.

Granting this motion will promote judicial efficiency by reducing burdens on this Court and by positioning the case for an expeditious resolution before the district court. And Media Matters will not suffer prejudice from dismissal: the injunction remains in place (even though the CID to which it was addressed is now a legal nullity) and the parties will have the opportunity to address any lingering issues before the court below. To the extent any disputes remain regarding issues beyond the preliminary injunction, this interlocutory appeal is not the appropriate forum for resolving them.

Finally, no fees are due to this Court, and defendants propose that the parties bear their own costs.

Accordingly, defendants respectfully request that the Court dismiss their appeal from the district court's preliminary injunction.

Respectfully submitted,

Of Counsel:

DANIEL GUARNERA
*Director*

KELSE MOEN
*Deputy Director*

GEOFFREY GREEN
*Assistant Director*

BUREAU OF COMPETITION

LUCAS CROSLOW
*General Counsel*

ALEX POTAPOV
*Deputy General Counsel*

/s/ H. Thomas Byron III
H. THOMAS BYRON III
*Deputy General Counsel*

STEPHEN T. FAIRCHILD
ROBERT E. ZUVER, JR.
ETHAN D. BECK
*Attorneys*

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-2527
*hbyron@ftc.gov*

April 20, 2026

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and D.C. Cir. R. 32(e)(1), it contains 603 words.  The motion also complies with the typeface requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman typeface.

April 20, 2026                                          /s/ H. Thomas Byron III
                                                        H. Thomas Byron III

# ATTACHMENT

United States of America
FEDERAL TRADE COMMISSION
WASHINGTON, DC 20580

Bureau of Competition
Technology Enforcement Division

April 16, 2026

**VIA EMAIL**

Media Matters for America
c/o Ryan Quillian, Esq.
Covington & Burling LLP
850 Tenth Street, NW
Washington, DC 20001
RQuillian@cov.com

Re:    **FTC File No. 251-0061**

Dear Mr. Quillian:

On May 20, 2025, the Federal Trade Commission issued a Civil Investigative Demand ("the CID") to Media Matters for America ("Media Matters"). On April 15, 2026 the Commission entered, and a federal district court approved, a settlement in *Federal Trade Commission, et al., v. Dentsu US, Inc., et al.*, No. 26-cv-469 (N.D. Tex. 2026), that resolved the issues related to Media Matters that gave rise to the CID. Accordingly, the Commission no longer requires compliance with the CID. Pursuant to FTC Rule 2.7(*l*), this letter withdraws the CID.

*/s/ Patricia Galvan*
Patricia Galvan
Assistant Director
Technology Enforcement Division
Bureau of Competition

cc:
Nicholas Bush
Attorney, Bureau of Competition

# ADDENDUM

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Pursuant to D.C. Circuit Rule 27(a)(4) and 28(a)(1), Defendants submit the following:

### A.    Parties and Amici

Plaintiff-appellee is Media Matters for America. Defendants-appellants are: the Federal Trade Commission; Andrew N. Ferguson, in his official capacity as Chairman of the Federal Trade Commission; Mark R. Meador, in his official capacity as Commissioner of the Federal Trade Commission; John Doe 1, in their official capacity as Commissioner of the Federal Trade Commission; and John Doe 2, in their official capacity as Commissioner of the Federal Trade Commission.[*]

There were no amici in district court. In this Court, the New Civil Liberties Alliance filed an amicus brief in support of neither party and the following entities filed amicus briefs in support of plaintiff Media Matters: Foundation for Individual Rights and Expression; Cato Institute; The Press Freedom Defense Fund; CalMatters; Center for Investigative Reporting, Inc.; The Coalition for Independent Technology Research; The Dangerous Speech Project; Defending Rights & Dissent;

---

[*] Former Commissioner Melissa Ann Holyoak was named as a defendant in her official capacity as Commissioner of the Federal Trade Commission. She resigned from her position on November 17, 2025, and her seat has not been filled by a successor. Pursuant to Rule 43(c)(2), she is no longer a defendant, and any successor will be automatically substituted for her.

Electronic Frontier Foundation; First Amendment Coalition; Free Press; Freedom of the Press Foundation; Local Independent Online News Publishers; MuckRock Foundation; The National Coalition Against Censorship; Open Vallejo; Project on Government Oversight; Public Knowledge; Reporters Without Borders, Inc.; The Society for the Rule of Law Institute; American Civil Liberties Union; American Civil Liberties Union of the District of Columbia; The Associated Press; The Atlantic Monthly Group, LLC; The Center for Investigative Reporting; The Guardian U.S.; The McClatchy Company; National Newspaper Association; National Press Photographers Association; The New York Times Company; Newsday LLC; Online News Association; Pro Publica, Inc.; Radio Television Digital News Association; Reporters Committee for Freedom of the Press; The Seattle Times Company; Society of Professional Journalists; Lawyers Committee for Civil Rights Under Law; Asian Americans Advancing Justice – AAJC; Feminist Majority Foundation; Hispanic Federation; Japanese American Citizens League; The Leadership Conference on Civil and Human Rights; League of United Latin American Citizens; National Womens Law Center; Sikh American Legal Defense and Education Fund; United Church of Christ Media Justice Ministry, Inc.

## B.     Rulings Under Review

The district court decision on appeal is the preliminary injunction order (App.256) and opinion (App.208), entered on August 15, 2025, by the Honorable

A-2

Sparkle L. Sooknanan in *Media Matters for America v. Federal Trade Commission*, No. 25-cv-1959 (D.D.C.).  The district court's opinion is available at 805 F. Supp. 3d 105.

### C.     Related Cases

This case has not previously been before this Court.  The case remains pending in the court below.  Counsel are aware of no related cases within the meaning of the rule.

A-3