

Washington Litigation Group
1717 K St NW
Suite 1120
Washington DC, 20006

Nathaniel Zelinsky
Main 202-521-8750
Direct 202-521-8760
nzelinsky@washingtonlitigationgroup.org

April 30, 2026

**By CM/ECF**

Mr. Clifton Cislak
Clerk of Court
U.S. Court of Appeals for the District of Columbia Circuit
333 Constitution Avenue, NW
Washington, D.C. 20001

Re: *Media Matters for America v. FTC*, No. 25-5302

Dear Mr. Cislak,

I write to inform the Court that the Supreme Court issued the attached, unanimous decision in *First Choice Women's Resource Centers, Inc. v. Davenport*, No. 24-781 (U.S.), which refutes arguments raised by the FTC and confirms the district court had authority to issue the preliminary injunction.

*First Choice* held that a state subpoena recipient alleging First Amendment harms could sue in federal court and need not wait for the government to enforce the subpoena. The Supreme Court explained that "demands for a charity's private member or donor information"—one of the types of protected information implicated in the FTC CID in this case—cause serious First Amendment injury. Slip Op. 9. These harms exist, "not just when a demand is enforced, but when it is made and for as long as it remains outstanding." *Id.* The Court also decisively rejected the argument—advanced by the FTC in this appeal—that non-self-executing subpoenas and CIDs cause no harm until enforcement. As the Court explained, "the value of a sword of Damocles is that it hangs—not that it drops." Slip Op. 15 (cleaned up). "Objectively reasonable people interested both in their privacy and in associating with" the target of legal process do "not lightly disregard" the "distinct possibility of disclosure." *Id.* (quotation marks omitted). And the Court explained that neither *Reisman v. Caplin*, 375 U. S. 440 (1964) nor *FTC v. Claire Furnace Company*, 274 U. S. 160 (1927)—the primary precedent on which the FTC relied in this appeal—speak to circumstances in which a target of an investigation faces "a present injury from the subpoena itself." Slip Op. 18; *see* MMFA Br. 26-28. As support, the Supreme Court cited this Court's decision in *Media Matters for Am. v. Paxton*, 138 F. 4th 563 (D.C. Cir. 2025).



Washington Litigation Group
1717 K St NW
Suite 1120
Washington DC, 20006

Nathaniel Zelinsky
Main 202-521-8750
Direct 202-521-8760
nzelinsky@washingtonlitigationgroup.org

Finally, the Supreme Court rejected the state's post-hoc effort to alter the subpoena to moot the case, and stressed the "heavy burden" the government bears when proving mootness— which will be the subject of Media Matters' forthcoming opposition to the FTC's motion to dismiss. Slip Op. 20.

Sincerely,

/s/ Nathaniel A.G. Zelinsky
Nathaniel A.G. Zelinsky

*Counsel for Media Matters for America*

Cc: All counsel of record by CM/ECF